HORACE B. SMITH AND WILLIAM H. SMITH, PLAINTIFFS IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Criminal Law: RECOGNIZANCE. H. B. S., as principal, with W. H. S. and E. S., as sureties, entered into a recognizance before an examining court, conditioned "that the said H. B. S., shall be and appear at said March term of said district court, on the first day thereof, and not depart said court without leave, and shall abide the order of said court," etc. The said H. B. S. appeared at said court on the first day thereof, and was indicted for the crime for which he was bound over. Thereupon the district attorney procured a warrant in due form for his arrest to answer to said indictment, and placed the same in the hands of

the sheriff, who arrested H. B. S. thereon. Thereupon, almost immediately, the said H. B. S. applied to the court to be discharged from arrest, on the ground that he was under bond, etc. Thereupon the court ordered his discharge, and notified the sheriff that such arrest was illegal, etc. The securities, W. H. S. and E. S., were present, and made no objection to the discharge. Upon the case being reached for trial, and the said H. B. S. called, he did not answer and was defaulted. *Held*, that the securities were discharged from liability.

2. ——: ——. Action on a recognizance against H. B. S., as principal, and W. H. S. and E. S., as sureties. Summons served on W. H. S. and E. S., but no service on, or appearance by, H. B. S. Judgment against H. B. S. and W. H. S., no judgment either for or against E. S., *held*, erroneous.

ERROR to the district court for Sarpy county. Tried below, before SAVAGE, J. The opinion states the case.

*John M. Thurston, E. F. Smythe,* and *John Q. Goss,* for plaintiffs in error, cited Wharton Crim. Law, sec. 2976, Bacons Abr., Title "Bail," *Commonwealth v. Coleman,* 2 Met., (Ky.) 382. *The State v. Holmes,* 23 Iowa, 458. *State v. Newton,* 22 Wis., 536.

*C. J. Dilworth, Attorney General,* for the state.

This case does not come within the rule contended for by the plaintiff in error. The arrest was clearly an oversight which was corrected by the court upon the request of the said Horace B. Smith in the presence of the plaintiff in error, and upon the ground that the accused *was under bond;* and when we take into consideration the fact that the plaintiff in error is the father of the accused, and was present when the accused was claiming to the court that he was under bond, and held thereby as a reason why he should be released from arrest, it is not going too far to presume that the said application was made with the express consent of the father, and he should not be permitted to take advantage of it now.

COBB, J.

This action was brought on a bond or recognizance entered into before the county judge of Sarpy county, by Horace B. Smith, William H. Smith and Emeline F. Smith, in the penal sum of eight hundred dollars, for the appearance of the former at the then next ensuing district court, etc., to answer to an indictment for grand larceny and not depart the court without leave, etc.

It appears from the findings of fact by the court, to whom the cause was tried without a jury, that said defendant, Horace B. Smith, appeared on the first day of said term of the district court; that an indictment was by the grand jury duly returned against him for grand larceny; that upon the presentment of said indictment by said grand jury, the clerk of the court issued under the seal of the court a warrant for the arrest of the said defendant, upon the charge made in the said indictment, and delivered the same to the sheriff of Sarpy county, who, by virtue thereof, arrested said defendant; that said warrant was issued at the request of the district attorney, but without any order, direction, or knowledge of the court; that immediately upon being arrested, and within five minutes thereafter, the defendant personally and by counsel appeared before the court and claimed that said arrest was illegal and unauthorized, inasmuch as his bond was still in force and operative, which position the court sustained and directed the sheriff to discharge him, etc.; that such arrest and discharge were known to the sureties upon the recognizance, and such discharge was not objected to by them; that after the release of said defendant from said arrest he failed to appear when duly called in court, and did not answer to the charge, etc., and that the said bond was duly forfeited, etc.

It was quite competent for the district attorney to cause the warrant to issue for the arrest of Horace B. Smith, upon his being indicted. It was his duty to do so, if in his opinion the bond was insufficient in amount, or the

·securities thereto sufficient to secure his continued attendance to take his trial and submit to the judgment of the court, and he will be presumed to have acted on such opinion in issuing the warrant and placing it in the hands of the sheriff. Upon this second arrest of the prisoner it was competent for the court to have admitted him to bail for his appearance from day to day, in such sum and with such sureties as the court should deem sufficient, but no act of the court could give new life to the bond in question. When by virtue of a warrant lawfully issued upon an indictment for the identical offense for which he was held to answer, the sheriff had by his arrest taken the prisoner out of the custody of his sureties, "his jailors of his own choosing," nothing short of a new bond lawfully executed by them, would restore him thereto.

There is another view which might be taken of this case, leading to the same result. The bond or recognizance was signed by Horace B. Smith, (the principal) and William H. Smith and Emeline Smith, (sureties). The suit is against them all. The summons was served on William H. Smith and Emeline Smith, but was returned as to the said Horace B. Smith not served, for the reason that he was not found in Sarpy county. The said William H. and Emeline Smith appeared by counsel, the said Horace B. Smith did not answer or appear. The judgment of the court is against *Horace B. Smith*, and William H. Smith, and no judgment either for or against Emeline Smith, nor any reason given why she is thus dropped out of the case. Certainly the judgment cannot stand as against Horace B. Smith, who was not served and made no appearance in the case. As to William H. and Emeline Smith, they were joint securities, and while it is not necessary here to say, and we expressly reserve that point, that they must be jointly held upon it, if held at all, yet we do say, ·that their original liability on the bond being a joint one, and they having been jointly sued

and having jointly defended, a judgment against one of them, which takes no notice whatever of the other, is erroneous.

But, as we have seen, by reason of the lawful arrest of the principal on a warrant issued upon the indictment, to which he was recognized to answer, the sureties were discharged. The judgment must be reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.